UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHY PICARD, )<br>      Plaintiff, )<br>v. )<br>   )<br>LOUIS BUONICONTI, )<br>      Defendant. ) | Civil Case No. 3:14-cv-30115-KAR |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTIONS TO COMPEL DEFENDANT'S ATTENDANCE AT
POST-JUDGMENT DEPOSITION IN AID OF EXECUTION AND FOR
ISSUANCE OF CHILD ABUSE JUDGMENT ENFORCEMENT ORDERS
(Dkt. Nos. 160, 163)

ROBERTSON, U.S.M.J.

I. Introduction

Kathy Picard ("Plaintiff") brought this diversity proceeding against her stepfather, Louis Buoniconti ("Defendant"), arising from his decade-long practice of sexually abusing her that began when she was only seven years old (Dkt. No. 1). The matter proceeded to trial, and on November 5, 2015, the jury returned a verdict in favor of Plaintiff on all four counts of her complaint, including battery, intentional/reckless infliction of emotional distress, false imprisonment, and invasion of privacy (Dkt. No. 112). The jury awarded Plaintiff $250,000.00 in compensatory damages, and the court entered judgment accordingly (Dkt. Nos. 112, 113). Subsequently, the court issued an execution in the amount of $290,849.31, representing the $250,000.00 judgment plus $40,849.31 in pre-judgment interest, with post-judgment interest to accrue at a rate of twelve percent (Dkt. No. 131). Presently before the court are two motions filed by Plaintiff aimed at achieving satisfaction of the judgment, toward which Defendant has thus far paid nothing. For the following reasons, Plaintiff's motion to compel Defendant's attendance at a post-judgment deposition (Dkt. No. 160) is GRANTED, while Plaintiff's motion for the issuance of child abuse judgment enforcement orders (Dkt. No. 163) is DENIED.

II. Discussion

    A. Plaintiff's Motion to Compel Defendant's Attendance at Post-Judgment Deposition In Aid of Execution

Plaintiff's first motion is brought pursuant to Fed. R. Civ. P. 37(a) and 69(a) and seeks an order compelling Defendant to attend a post-judgment deposition in aid of execution. "The rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014). Pursuant to Fed. R. Civ P. 69(a)(2), a judgment creditor "[i]n aid of the judgment or execution … may obtain discovery from any person – including the judgment debtor – as provided in these rules …." Fed. R. Civ. P. 69(a)(2). "The presumption is in favor of 'full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment....'" *ClearOne Commc'ns, Inc. v. Chiang*, 276 F.R.D. 402, 404 (D. Mass. 2011) (quoting *United States v. Neumann*, No. 86–cv–0034, 1999 WL 156151, at *1 (D. Mass. Mar. 5, 1999)). Further, under Fed. R. Civ. P. 37(a)(1), "a party may move for an order compelling disclosure or discovery" if it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

Plaintiff represents that she has attempted to obtain post-judgment discovery from Defendant starting in September 2022, when she served him with interrogatories and requests for production of documents. Following her receipt of a cursory handwritten notation in response stating only, "[n]othing [h]as changed since 2014" (Dkt. Nos. 162 at ¶ 6; 162-3), Plaintiff filed a motion to compel (Dkt. No. 154). While the motion was pending, Defendant produced an incomplete Massachusetts Probate and Family Court financial statement (Dkt. Nos. 162 at ¶ 8; 162-4). On January 10, 2023, this court granted Plaintiff's motion to compel in the absence of a timely opposition (Dkt. No. 157). Thereafter, Defendant produced handwritten responses to Plaintiff's requests, along with a redacted Office of Personnel Management Statement of

Annuity Paid and a redacted Form SSA-1099 Social Security Benefit Statement (Dkt. Nos. 162 at ¶ 10; 162-5). Defendant indicated that he would also provide certain requested information, such as tax returns and bank records, but he failed to do so (Dkt. Nos. 162 at ¶ 10). Thereafter, given that Defendant had already been deposed in the case, albeit before trial, Plaintiff sought Defendant's agreement to sit for another deposition without the necessity of seeking leave of court. While Defendant initially agreed to appear for a post-judgment deposition limited to the issues of his financial circumstances, discovery responses, and ability to satisfy the judgment, after Plaintiff noticed it, Defendant indicated that he would refuse to make himself available on the noticed date or otherwise (Dkt. Nos. 162 at ¶ 11). Plaintiff then filed this motion seeking to compel Defendant's appearance for a post-judgment deposition (Dkt. No. 160). Defendant opposes the motion, representing that he has already provided all the requested information (Dkt. No. 166).

The court finds that a post-judgment deposition of Defendant is warranted. "Under the prevailing standard, [Plaintiff] is entitled to full discovery of [Defendant's] current financial situation, including any assets, income or jointly held property that bear on his ability to satisfy the pending judgment against him." *ClearOne Commc'ns*, 276 F.R.D. at 404. Deposing a judgment debtor "for the purpose of determining what of their property is available for satisfaction of [a judgment] entered against [him] is simply in keeping with the Federal Rules of Civil Procedure, which allow a judgment creditor … to obtain discovery from any person, including the judgment debtor … in aid of the judgment or execution." *Castro v. United States*, 104 F.R.D. 545, 552 (D.P.R. 1985) (citing Fed. R. Civ. P. 69(a)). Defendant has not provided all the requested information as he represents, and Plaintiff is entitled to question him about missing information, as well as the information that he has provided. Thus, the court will order Defendant to appear at a second deposition at which he "is instructed to disclose in full his

3

assets, income, jointly-held property, and financial condition in general." *ClearOne Commc'ns*, 276 F.R.D. at 405.

Plaintiff also seeks an order requiring Defendant to pay her reasonable expenses incurred in making the motion, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5)(A). Under this rule, if a motion for an order compelling discovery is granted, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order this payment of expenses if the moving party filed the motion before attempting in good faith to obtain the discovery without court action, the resisting party's objection was substantially justified, or other circumstances make such an award unjust. *See id*. Given that Defendant did provide some responses and documents following the court's granting of Plaintiff's motion to compel, combined with his stated belief, as a pro se litigant, that he had provided all the information Plaintiff requested, the court declines to impose monetary sanctions against him in conjunction with this motion. Nevertheless, Defendant is reminded of his continuing obligation to comply with the Federal Rules and this court's orders.

      B.  <u>Plaintiff's Motion for Issuance of Child Abuse Judgment Enforcement Orders</u>

Plaintiff's second motion is brought pursuant to 5 U.S.C. §§ 8345(j)(1), 8437(e)(3), and 8467(a)(2) and asks this court to issue an order directing the Office of Personnel Management ("OPM"), the federal agency responsible for the administration of federal retirement programs including the Civil Service Retirement System ("CSRS") and the Federal Employees' Retirement System ("FERS"), to pay Plaintiff 75% of the gross monthly annuity otherwise due and payable to Defendant, as well as an order directing the Federal Retirement Thrift Investment Board ("the Board"), the independent agency responsible for administering federal Thrift

Savings Plan ("TSP") accounts, to pay Plaintiff 100% of any balance in any TSP account held by Defendant (Dkt. No. 163). Defendant is a retired United States Postal Service ("USPS) worker, and the 2020 OPM Statement of Annuity Paid that Defendant produced shows that he received a gross distribution of $30,156.00 that year (Dkt. No. 162-5). Further, Plaintiff has represented that she believes Defendant maintains a TSP account administered by the Board separate and apart from his annuity. Defendant has not disputed any of these representations in opposing the motion.

Regarding the annuity, 5 U.S.C. § 8345(j)(1) provides that "[p]ayments … which would otherwise be made to an employee, Member, or annuitant based on service of that individual shall be paid (in whole or in part) by the Office to another person if and to the extent expressly provided for in the terms of -- … any court order or other similar process in the nature of garnishment for the enforcement of a judgment rendered against such employee, Member, or annuitant, for physically, sexually, or emotionally abusing a child." Regarding the TSP, 5 U.S.C. § 8437(e)(3) provides that "[m]oneys due or payable from the Thrift Savings Fund to any individual and, in the case of an individual who is an employee or Member (or former employee or Member), the balance in the account of the employee or Member (or former employee or Member) shall be subject to legal process for … an obligation of the Executive Director to make a payment to another person under section 8467 of this title …." Section 8467(a)(2), in turn, provides that "[p]ayments under this chapter which would otherwise be made to an employee, Member, or annuitant … based on service of that individual shall be paid (in whole or in part) by the Office or Executive Director, as the case may be, to another person if and to the extent expressly provided for in the terms of -- … any court order or other similar process in the nature of garnishment for the enforcement of a judgment rendered against such employee, Member, or annuitant, for physically, sexually, or emotionally abusing a child."

Plaintiff maintains that these provisions authorize this court to issue orders directing the Office of Personnel Management (regarding the annuity) and TSP record keeper (regarding the TSP) to pay monies otherwise due and payable to or held by Defendant to her because she has a judgment against Defendant for physically, sexually, and emotionally abusing her when she was a child.  Plaintiff acknowledges that, for purposes of the annuity at least, "court" is defined in the statute as "any court of any State, the District of Columbia, the Commonwealth of Puerto Rico, Guam, the Northern Mariana Islands, or the Virgin Islands, and any Indian court."  5 U.S.C. § 8435(j)(3)(A).  In other words, it does not include an order of a federal district court.  While 5 U.S.C. § 8467 does not define "court," the accompanying regulations similarly define "court order" as "any judgment … issued by … any court of any State, the District of Columbia, the Commonwealth of Puerto Rico, Gaum, The Northern Mariana Islands, or the Virgin Islands, or any Indian court …."  5 C.F.R. § 838.103.  Plaintiff argues in a footnote that this court should ignore this restriction because limiting enforcement to state court orders does not comport with the overall purpose of the statute to provide an enforcement mechanism.  While the court is wholly sympathetic with Plaintiff and agrees that the result appears unfair, the court cannot ignore the plain language of the statute and regulation.  Plaintiff's remedy, if there is to be one, is through a legislative amendment to the statute or a change in the regulations.

III.     Conclusion

For all the reasons stated, Plaintiff's motion to compel Defendant's attendance at a post-judgment deposition in aid of execution (Dkt. No. 160) is GRANTED and Plaintiff's motion for issuance of child abuse judgment enforcement orders (Dkt. No. 163) is DENIED.

It is so ordered.

Dated:  December 8, 2023                                   /s/ Katherine A. Robertson_____
                                                                            KATHERINE A. ROBERTSON
                                                                            United States Magistrate Judge