| **NOTICE TO THE PARTIES** | DOCKET NUMBER<br>**2420FJ000002** | **Trial Court of Massachusetts**<br>**District Court Department**  |
|---|---|---|

| CASE NAME  Kathy Picard v. Louis Buoniconti | APR 30 '26 AM 9:24 USDC |
|---|---|

| ATTORNEY (OR PRO SE PARTY) TO WHOM THIS COPY OF NOTICE IS ISSUED | COURT NAME & ADDRESS |
|---|---|
| Louis Buoniconti<br>470 Memorial Dr., Apt. 202<br>Chicopee, MA 01020 | Chicopee District Court<br>30 Church Street<br>Chicopee, MA 01020 |

**TO THE PARTIES TO THIS CASE:**

The enclosed indicates the Court's action in this matter.

Enclosed please find the Decision on Defendant's Motion for Issuance of Child Abuse Judgment Enforcement Order (Freeman, J).

| DATE ISSUED<br>March 18, 2025 | CLERK-MAGISTRATE/ASST. CLERK<br>Barbara Y Burton | |
|---|---|---|

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss

DISTRICT COURT DEPARTMENT
CHICOPEE DISTRICT COURT
CIVIL ACTION NO. 2420FJ00002

KATHY PICARD,                    )
        Plaintiff,              )
                       )
        v.                     )
                       )
LOUIS BUONICONTI                 )
        Defendant(s)            )

## DECISION ON DEFENDANT'S MOTION FOR ISSUANCE OF CHILD ABUSE JUDGEMENT ENFORCEMENT ORDER

The plaintiff files this motion requesting a court order directing the Office of Personnel Management ("OPM"), who administers federal retirement programs for the Civil Service Retirement System ("CSRS") as well as for the Federal Employees' Retirement System ("FERS") to pay the plaintiff seventy-five percent (75%) of the gross monthly annuity that would be otherwise due to the defendant.

Additionally, the plaintiff is requesting a court order directing the Federal Retirement Thrift Investment Board to pay to the plaintiff one-hundred percent (100%) of any balance in any Federal Thrift Savings Plan ("TSP") account of the defendants (up to $250,000).

5 U.S.C. §§ 8467(a)(2), states, "Payments under this chapter which would otherwise be made to an employee, Member, or annuitant (including an employee, Member, or annuitant as defined in section 8331) based on service of that individual shall be paid (in whole or in part) by the Office or the Executive Director, as the case may be, to another person if and to the extent expressly provided for in the terms of-- ... any court order or other similar process in the nature of garnishment for the enforcement of a judgment rendered against such employee, Member, or annuitant, for physically, sexually, or emotionally abusing a child." 5 U.S.C. §§ 8467(a)(2).

Jurisdiction is conferred on state courts under 5 U.S.C. 8345(j)(3)(A), which defines "court" as any court of any State, the District of Columbia, the Commonwealth of Puerto Rico, Guam, the Northern Mariana Islands, or the Virgin Islands, and any Indian court. See 5 U.S.C. 8345(j)(3)(A).

This Court finds that judgement was entered against the defendant for a claim involving sexual abuse of a child. 5 U.S.C. 8345(j)(3)(B) defines "judgement" and more specifically judgement involving abuse of a child in the following way; "judgment rendered for physically, sexually, or emotionally abusing a child" is "any legal claim perfected through a final enforceable judgment, which claim is based in whole or in part upon the physical, sexual, or emotional abuse of a child, whether or not that abuse is accompanied by other actionable wrongdoing, such as sexual exploitation or gross negligence". See 5 U.S.C. 8345(j)(3)(B).

**AS A RESULT,** this Court finds that applicable federal statutes (referenced above) confer authority on state courts to order an employee, member or annuitant who has an annuity to pay to a third person who has a judgement against them for sexually abusing a child a percentage of that annuity.
**THEREFORE,** the Plaintiff is hereby instructed to pursue any and all attachment remedies via Trustee process.

5 U.S.C. 8437(e)(1), states, "[S]ubject to subsection (d) and paragraphs (2) and (3), sums in the Thrift Savings Fund credited to the account of an employee, Member, former employee, or former Member may not be used for, or diverted to, purposes other than for the exclusive benefit of the employee, Member, former employee, or former Member or his beneficiaries under this subchapter." See 5 U.S.C. 8437(e)(1).

5 U.S.C. §§ 8437(e)(2), states, "Except as provided in paragraph (3), sums in the Thrift Savings Fund may not be assigned or alienated and are not subject to execution, levy, attachment, garnishment, or other legal process. For the purposes of this paragraph, a loan made from such Fund to an employee or Member shall not be considered to be an assignment or alienation." See 5 U.S.C. 8437(e)(2).

5 U.S.C. §§ 8437(e)(3), states, "Moneys due or payable from the Thrift Savings Fund to any individual and, in the case of an individual who is an employee or Member (or former employee or Member), the balance in the account of the employee or Member (or former employee or Member) shall be subject to legal process for:

    (a) the enforcement of the individual's legal obligations to provide child support or make alimony payments as provided in section 459 of the Social Security Act (42 U.S.C. 659),

    (b) the enforcement of an order for restitution under section 3663A of title 18,

    (c) forfeiture under section 8432(g)(5) of this title,

    (d) an obligation of the Executive Director to make a transfer under section 415(d)(3) of the Congressional Accountability Act of 1995 (2 U.S.C. 1415(d)(3)), or

    (e) an obligation of the Executive Director to make a payment to another person under section 8467 of this title, and shall be subject to a Federal tax levy under section 6331 of the Internal Revenue Code of 1986. ..." See 5 U.S.C. 8437(e)(3).

This Court does not find that 5 U.S.C. §§ 8437(e) allows for enforcement outside of those specifically enumerated in 5 U.S.C. §§ 8437(e)(3), (a) through (e).

AS A RESULT, the Plaintiff's Motion for issuance of a child Abuse Judgement Enforcement Order directing the Office of Personnel Management to pay the plaintiff seventy-five percent (75%) of any Federal Retirement Thrift Investment funds that would be otherwise due to the defendant is hereby **DENIED**.

Entered: March 17, 2025

Brandon D. Freeman, First Justice
Chicopee District Court